No. 09-2371

## IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

DWIGHT RASHAD,

        Petitioner-Appellant,

 v.

BLAINE LAFLER,

        Respondent-Appellee.

                           /

Appeal from the United States District Court
Eastern District of Michigan, Southern Division
Honorable Victoria A. Roberts

## BRIEF FOR RESPONDENT-APPELLEE

BILL SCHUETTE
Attorney General

John J. Bursch
Solicitor General
Co-Counsel of Record

Andrea M. Christensen (P71776)
Assistant Attorney General
Co-Counsel of Record
Attorneys for Respondent-Appellee
Appellate Division
P.O. Box 30217
Lansing MI  48909
517/373-4875

# TABLE OF CONTENTS

Page

Table of Authorities ................................................................................. iii

Statement Regarding Oral Argument ..................................................... ix

Standard of Review on Appeal ................................................................1

Statement of Issues Presented..................................................................4

Statement of the Case And Relevant Facts...............................................5

Summary of Argument ...........................................................................13

Argument.................................................................................................16

I.     Claims for habeas relief must be filed within the proper statute of limitation in order to warrant review by the federal courts. Where Petitioner failed to file three of his six claims for relief within the proper statute of limitation, he is barred from habeas relief on those three claims. ......................................................................................................16

II.    Claims raised in a habeas petition must be properly preserved in the State court; if they are not, the claims are procedurally defaulted unless the default is excused through a proper showing of cause and prejudice. Further, in conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Where Petitioner did not properly preserve his claims in the State court, where he argues that error occurred under State law, and where he cannot establish that any error rose to the level of a constitutional violation, habeas relief is not warranted................................26

    A.   Petitioner is not entitled to relief with respect to his claims of instructional error because the claims are not cognizable on federal review, or they are without merit. ............................................26

    B.   Petitioner is not entitled to relief with respect to his claim that his Fourth Amendment rights were violated because that claim is barred by the law set forth in *Stone v. Powell.* ...................................33

C.  Petitioner is not entitled to relief with respect to his claims of sentencing error and equal protection violations because the claims are procedurally defaulted, not cognizable on federal review, or they are without merit ...................................................................................39

    1.  Petitioner is not entitled to relief on Claim IV because the claim is either procedurally defaulted, not cognizable on federal review, or it is without merit. ............................................................39

    2.  Petitioner is not entitled to relief on Claim V because the claim is without merit. ...................................................................................47

D.  Petitioner is not entitled to relief with respect to his claim of ineffective assistance of appellate counsel because the claim is without merit. ...........................................................................................48

Conclusion and Relief Requested ............................................................51

Addendum – Designation of Record on appeal ........................................52

Certificate of Compliance ........................................................................53

Proof of Service .......................................................................................54

# TABLE OF AUTHORITIES

Page

**Cases**

*Allen v. Yukins*,
　366 F.3d 396 (6th Cir. 2004) ...............................................................24

*Andrews v. Orr*,
　851 F.2d 146 (6th Cir. 1988) ....................................................... 23, 24

*Austin v. Mitchell*,
　300 F.3d 391 (6th Cir. 1999) ...............................................................19

*Bachman v. Bagley*,
　487 F.3d 979 (2007) ......................................................... 20, 21, 22

*Bailey v. Mitchell*,
　271 F.3d 652 (6th Cir. 2001) .............................................................1, 2

*Bell v. Cone*,
　535 U.S. 685 (2002) .........................................................................1

*Brown v. O'Dea*,
　187 F.3d 572 (6th Cir. 1999)
　vacated on other grounds, 530 U.S. 1257 (2000) ...............................19

*Burton v. Stewart*,
　549 U.S. 147 (2007) .................................................................. 21, 22

*Coleman v. Thompson*,
　501 U.S. 722 (1991) ........................................................... 41, 45, 46

*Cone v. Bell*,
　243 F.3d 961 (6th Cir. 2001) ..............................................................45

*Cook v. Stegall*,
　295 F.3d 517 (6th Cir. 2002) ..............................................................23

*Cullen v. Pinholster*,
　563 U.S. ___, 131 S. Ct. 1388, 179 L. Ed. 2d 557 (2011) ................1, 3

*DiCenzi v. Rose*,
452 F.3d 465 (6th Cir. 2006) ...............................................................20

*Dunlap v. United States of America*,
250 F.3d 1001 (6th Cir. 2001) ..............................................................23

*Edwards v. Carpenter*,
529 U.S. 446 (2000) .............................................................................42

*Estelle v. McGuire*,
502 U.S. 62 (1991) .................................................................. 27, 42, 43

*Fielder v. Varner*,
379 F.3d 113 (3rd Cir. 2004)................................................................21

*Ford v. Georgia*,
498 U.S. 411 (1991) .............................................................................41

*Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*,
209 F.3d 552 (6th Cir. 2000)................................................................23

*Griffin v. Rogers*,
308 F.3d 647 (6th Cir. 2002)................................................................23

*Gulertekin v. Tinnelman-Cooper*,
340 F.3d 415 (6th Cir. 2003)................................................................41

*Hannah v. Conley*,
49 F.3d 1193 (6th Cir. 1995)................................................................46

*Harrington v. Richter*,
562 U.S. ___, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011) ......................3

*Harris v. Haeberlin*,
526 F.3d 903 (6th Cir. 2008)..................................................................1

*Henderson v. Kibbe*,
431 U.S. 145 (1977) ...................................................................... 27, 28

*Herbert v. Billy*,
160 F.3d 1131 (6th Cir. 1998)................................................................2

*Keeney v. Tamayo-Reyes,*
    504 U.S. 1 (1982) ...............................................................................44

*Linscott v. Rose*,
    436 F.3d 587 (6th Cir. 2006) ....................................................... 20, 22

*Long v. Smith*,
    663 F.2d 18 (6th Cir. 1981) ...............................................................27

*Machacek v. Hofbauer*,
    213 F.3d 947 (6th Cir. 2000) ..............................................................34

*Maupin v. Smith*,
    785 F.2d 135 (6th Cir. 1986) ..............................................................40

*Miller-El v. Cockrell*,
    537 U.S. 322 (2003) .............................................................................3

*Mitts v. Bagley*,
    620 F.3d 650 (6th Cir. 2010) ..............................................................41

*Murray v. Carrier*,
    477 U.S. 478 (1986) ............................................................................45

*People v. Arias*,
    2006 WL 119143, 13 (Mich. App. 2006) ............................................32

*People v. Bonilla*,
    2006 WL 120366, 3 (Mich. App. 2006) ..............................................32

*People v. Bullock*,
    440 Mich. 15, 485 N.W.2d 866 (1992) ...............................................43

*People v. Carines*,
    460 Mich. 750, 597 N.W.2d 130 (1999) .............................................40

*People v. Dailey,*
    469 Mich. 1019, 678 N.W.2d 439 (2004) ...........................................43

*People v. Doxey*,
    263 Mich. App. 115; 687 N.W.2d 360 (2004) ....................................43

*People v. Ferguson*,
   376 Mich. 90; 135 N.W.2d 357 (1965) ................................................................34

*People v. Grant*,
   445 Mich. 535, 520 N.W.2d 123 (1994) ...........................................................40

*People v. Michielutti,*
   266 Mich. App. 223, 700 N.W.2d 418,
   rev'd in part on other grounds, 474 Mich. 889, 704 N.W.2d 705 (2005).............43

*Picard v. Connor*,
   404 U.S. 270 (1971) ..........................................................................................44

*Riley v. Gray*,
   674 F.2d 522 (6th Cir. 1982)..............................................................................34

*Rogers v. Howes*,
   144 F.3d 990 (6th Cir.1998)...............................................................................41

*Rose v. Lundy*,
   455 U.S. 509 (1982) ..........................................................................................44

*Schlup v. Delo*,
   513 U.S. 298, 324 (1995) ....................................................................... 24, 46, 47

*Searcy v. Carter*,
   246 F.3d 515 (6th Cir. 2001) ..............................................................................19

*Smith v. Murray*,
   477 U.S. 527 (1986) ..........................................................................................42

*Souter v. Jones*,
   395 F.3d 577 (6th Cir. 2005) ..............................................................................24

*Stone v. Powell*,
   428 U.S. 465 (1970) ................................................................................. 34, 38

*Strickland v. Washington,*
   466 U.S. 668 (1984) ................................................................................. 48, 49

*United States v. Frady*,
   456 U.S. 152 (1982) ..........................................................................................46

*Vroman v. Brigano*,
346 F.3d 598 (6th Cir. 2003) .................................................................24

*Watters v. Hubbard*,
725 F.2d 381 (6th Cir. 1984) ................................................. 27, 42, 43

*Williams v. Illinois*,
399 U.S. 235 (1970) ...............................................................................48

*Williams v. Taylor*,
529 U.S. 362 (2000) .................................................................................2

*Willis v. Smith*,
351 F.3d 741 (6th Cir. 2003) .................................................................40

*Wilson v. Parker*,
515 F.3d 682 (6th Cir. 2008) .................................................................49

*Woodford v. Visciotti*,
537 U.S. 19 (2002) ...................................................................................3

## **Statutes**

28 U.S.C. § 2241(c)(3) ...............................................................................42

28 U.S.C. § 2244(d) ...................................................................................18

28 U.S.C. § 2244(d)(2) ...............................................................................19

28 U.S.C. § 2254 ....................................................................................1, 11

28 U.S.C. § 2254(a) ...................................................................................42

28 U.S.C. § 2254(b)(1) ...............................................................................44

28 U.S.C. § 2254(c) ...................................................................................45

28 U.S.C. § 2254(d) .................................................................................2, 3

28 U.S.C. § 2254(d)(1) ................................................................. 1, 24, 25

28 U.S.C. § 2254(d)(2) .................................................................................1

28 U.S.C. § 2254(e)(1) .................................................................................2

M.C.L. 333.7401(2)(a)(i) ........................................................................32

M.C.L. 333.7403(2)(a)(i) ............................................................. 5, 7, 32

## **Other Authorities**

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) ............... passim

## **Rules**

M.C.R. 6.502(G)(1)...................................................................................45

M.C.R. 6.508(D) ............................................................................ 10, 11

## STATEMENT REGARDING ORAL ARGUMENT

Respondent does not request oral argument.

## STANDARD OF REVIEW ON APPEAL

In a habeas case, a district court's legal conclusions are reviewed de novo and its factual findings are reviewed under the clear-error standard. *Harris v. Haeberlin*, 526 F.3d 903, 909 (6th Cir. 2008). Because Petitioner's habeas action was filed after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at 28 U.S.C. § 2254, applies.

AEDPA "prevents federal habeas 'retrials'" and ensures that State court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-694 (2002). AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). Under AEDPA, if an application for writ of habeas corpus includes a claim that has been "adjudicated on the merits in State court proceedings," that application "shall not be granted with respect to [such a] claim" unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or resulted in a decision based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(1) & (2); *Cullen v. Pinholster,* 563 U.S. ___, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011). A State court adjudication is contrary to clearly established federal law if it arrives at a conclusion opposite to that of the Supreme Court on a question of law or decides a case differently on a set of materially

indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A State court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407-408. A federal habeas court may not find a State adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant State court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the issue is whether the State court's application of clearly established federal law is "objectively unreasonable." *Id.* at 409.

AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams*, 529 U.S. at 412; *Bailey*, 271 F.3d at 655.

AEDPA also requires heightened respect for State court factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). Such findings are presumed correct and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Supreme Court has cautioned federal courts against too readily granting habeas relief because of disagreement with the State court adjudication. The Supreme Court has stated that "[a] federal court's collateral review of a state court

decision must be consistent with the respect due state courts in our federal system."

*Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) (And a readiness to attribute error to State court decisions is "inconsistent with the presumption that state courts know and follow the law."); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). The Supreme Court has recently described the standard under AEDPA as follows:

> This is a *difficult to meet*, and *highly deferential standard for evaluating state-court rulings*, which *demands that state-court decisions be given the benefit of the doubt*. The petitioner carries the burden of proof.

*Pinholster*, 131 S. Ct. at 1398 (internal quotations and citations omitted) (emphasis added).

The Supreme Court has also recently stated that "Section 2254(d) reflects the view that habeas corpus is a guard against *extreme malfunctions in the state criminal justice systems*, not a substitute for ordinary error correction through appeal. *Harrington v. Richter,* 562 U.S. ___, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011) (internal quotations and citations omitted) (emphasis added). And that "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was *so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement*. *Id*. at 786-787 (emphasis added).

## STATEMENT OF ISSUES PRESENTED

I.     Claims for habeas relief must be filed within the proper statute of limitation in order to warrant review by the federal courts. Where Petitioner failed to file three of his six claims for relief within the proper statute of limitation, is he barred from habeas relief on those three claims?

II.    Claims raised in a habeas petition must be properly preserved in the State court; if they are not, the claims are procedurally defaulted unless the default is excused through a proper showing of cause and prejudice. Further, in conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Where Petitioner did not properly preserve his claims in the State court, where he argues that error occurred under State law, and where he cannot establish that any error rose to the level of a constitutional violation, is habeas relief warranted?

# STATEMENT OF THE CASE AND RELEVANT FACTS

On April 20, 1989, a jury in Wayne County, Michigan, found Petitioner

Dwight Rashad guilty of possession of more than 650 grams of cocaine in violation

of M.C.L. 333.7403(2)(a)(i). The trial judge determined that the then-mandatory

life sentence for this crime constituted cruel and unusual punishment;

consequently, Wayne County Circuit Judge Vera Massey Jones sentenced

Petitioner to 40-100 years in prison on May 22, 1989. (R 10-12, Sentencing

Transcript (ST) dated 5/22/89, pp. 11-12).

The underlying facts of the offenses were summarized by the Michigan

Court of Appeals.

> On September 7, 1988, the police confiscated over 650 grams of
> cocaine from the home pursuant to a valid search warrant. [Petitioner]
> was arrested and charged with possession in excess of 650 grams with
> intent to deliver. On that same day a narcotics dog detected
> contraband in a 1988 Lincoln parked in the driveway. The police
> observed cocaine residue in the Lincoln but after a search they
> concluded that there were no drugs in the vehicle. However, the
> Lincoln was impounded because it was subject to forfeiture action.
> Subsequently, an informant informed the police that the Lincoln
> contained contraband. On September 22, 1988, a search warrant for
> the vehicle was obtained and it was searched. The police confiscated
> over 650 grams of cocaine from a quarter panel of the vehicle,
> bundles of heroin, a gun, and defendant's driver's license. [Petitioner]
> was charged with possession in excess of over 650 grams with intent
> to deliver.

(R 10-16, Opinion, *People v. Rashad*, Mich. Ct. App. No. 118136; No. 118877;

No. 124060, p. 3 (June 23, 1992); see also R 13, Opinion and Order Dismissing

Petition for Writ of Habeas Corpus (Opinion), p. 2).

Petitioner's April 20, 1989 conviction of possession of 650 grams or more of

cocaine was in relation to the cocaine found in the house.  On October 23, 1989,

following a bench trial before a different judge in the Detroit Recorder's Court,

Petitioner was convicted of possession with intent to deliver over 650 grams of

cocaine in Case No. 88-12274.  This subsequent conviction was in relation to the

narcotics found in the Lincoln.  On November 3, 1989, Petitioner was sentenced to

a non-parolable term of life imprisonment on the possession with intent to deliver

over 650 grams of cocaine conviction.

Petitioner first challenged his April 1989 conviction by filing a claim of

appeal as of right with the Michigan Court of Appeals.  In February 1990,

Petitioner, through counsel, filed a Brief on Appeal with the Court of Appeals,

raising the following three issues:

I.     That the trial court erred when it instructed the jury on aiding and
abetting.

II.    That the search of his brief case and seizure of a key therein, which
unlocked the door to where contraband was discovered, was admitted
into evidence in violation of [Petitioner's] right against unreasonable
searches and seizures.

III.   That the trial court erred when it instructed the jury on the lesser
included offense of possession over 650 grams or more of cocaine.

(See Appellee Brief, pp. 11-12; see also R 10-16, Opinion, *People v. Rashad*, Mich. Ct. App. No. 118136; No. 118877; No. 124060, pp. 1-3).

The Michigan Court of Appeals subsequently consolidated Petitioner's appeal with that of the Prosecutor's appeal of Petitioner's sentence of 40-100 years' imprisonment. (R 10-16, Opinion, *People v. Rashad*, Mich. Ct. App. No. 118136; No. 118877; No. 124060, p. 1). Further complicating matters, the Court of Appeals also combined those two aforementioned appeals with Petitioner's appeal of his October 1989 conviction for possession with intent to deliver. (R 10-16, Opinion, *People v. Rashad*, Mich. Ct. App. No. 118136; No. 118877; No. 124060, p. 1).

On June 23, 1992, the Michigan Court of Appeals issued an unpublished opinion, in which it affirmed Petitioner's April and October 1989 convictions, but vacated Petitioner's sentence of 40-100 years' imprisonment – agreeing with the prosecution that, "Consistent with established precedent, the mandatory term of life imprisonment provided in M.C.L. 333.7403(2)(a)(i); M.S.A. 14.15(7403) does not constitute cruel and unusual punishment." (R 10-16, Opinion, *People v. Rashad*, Mich. Ct. App. No. 118136; No. 118877; No. 124060, p. 1). The Court of Appeals further ordered that Petitioner be re-sentenced on his April 1989 conviction for possession of 650 grams or more of cocaine. (R 10-16, Opinion, *People v. Rashad*, Mich. Ct. App. No. 118136; No. 118877; No. 124060, p. 1)

In July 1992, Petitioner, again via counsel, filed an application for leave to appeal with the Michigan Supreme Court, challenging the June 23, 1992 decision of the Court of Appeals. (R 10-17, Application for Leave to Appeal dated 7/13/92). The Michigan Supreme Court issued an order denying Petitioner's application for leave to appeal because it was not persuaded that the questions presented should be reviewed. (R 10-17, Order, *People v. Rashad*, Mich. Sup. Ct. No. 94301; No. 94302; No. 94303 (May 14, 1993)).

After the conclusion of his direct appeal in the state courts, Petitioner pursued habeas corpus relief in the federal district court with respect to his October 1989 conviction for possession with intent to deliver, arguing that the conviction was obtained in violation of his rights under the Fifth Amendment's double jeopardy clause. In November 1995, the district court granted Petitioner a writ of habeas corpus with respect to his October 1989 conviction based upon Petitioner's double-jeopardy argument. See *Rashad v. Burt*, Case No. 94-CV-71785-DT (order granting writ issued November 30, 1995). Subsequently, the Sixth Circuit Court of Appeals issued a published opinion affirming the grant. *Rashad v. Burt*, 108 F.3d 677 (6th Cir. 1997).

In the meantime, the trial court never re-sentenced Petitioner on his April 1989 conviction for possession of 650 grams or more of cocaine, in accordance with the Michigan Court of Appeals' June 23, 1992 decision. In March 2004,

however, Petitioner retained new counsel, who filed a motion for re-sentencing with the Wayne County Circuit Court.  Finally, on May 14, 2004, Petitioner was re-sentenced to life imprisonment with the possibility of parole.  (R 10-15, Re-sentencing Transcript (RT) dated 5/14/04, pp. 7-8).

In November 2004, Petitioner, via appointed counsel, filed a Brief on Appeal with the Michigan Court of Appeals, raising one issue:

> I.  [Petitioner] is entitled to re-sentencing because he should have been re-sentenced under the new amendments to the drug sentencing laws.

(R 10-18, Application for Leave to Appeal dated 11/9/2004).  The Prosecutor submitted a Brief on Appeal in opposition.  (R 10-18, Plaintiff Brief on Appeal dated 2/10/05).  On November 22, 2005, the Michigan Court of Appeals issued an unpublished memorandum opinion affirming Petitioner's sentence.  (R 10-18, Opinion, *People v. Rashad*, Mich. Ct. App. No. 255819 (November 22, 2005)).

In January 2006, Petitioner, again via counsel, filed an application for leave to appeal with the Michigan Supreme Court, raising the same issue he previously presented to the Court of Appeals.  (R 10-19, Application for Leave to Appeal dated 1/12/06).  On May 30, 2006, the Michigan Supreme Court issued an order denying Petitioner's application for leave to appeal because it was not persuaded that the question presented should be reviewed.  (R 10-19, Order, *People v. Rashad*, Mich. Sup. Ct. No. 130323 (May 30, 2006)).

In March 2007, Petitioner filed a pro per motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.508(D), in which he raised two issues:

I.   [Petitioner's] sentence for possession of 650 grams is cruel or unusual punishment under the Michigan Constitution, and is a violation of due process and equal protection of the law, where the penalty is significantly more serious than that for the offense of delivery of over 650 grams of cocaine.

II.  [Petitioner] was denied the effective assistance of appellate counsel where his attorney did not raise the above issue during his appeal by right.

On April 11, 2007, the Wayne County Circuit Court issued an order and opinion denying Petitioner's motion for relief from judgment. (See R 10-20, Wayne County Circuit Court Opinion and Order dated 4/11/07). Petitioner subsequently filed a pro per motion for reconsideration, which the circuit court denied. (See R 10-20, Wayne County Circuit Court Order dated 6/12/07).

In December 2007, Petitioner filed with the Michigan Court of Appeals a pro per delayed application for leave to appeal the Circuit Court's denial of his motion for relief from judgment. (R 10-20, Application for Leave to Appeal dated 12/10/07). On March 27, 2008, the Michigan Court of Appeals issued an order denying Petitioner's delayed application for leave to appeal because Petitioner had "failed to meet the burden of establishing entitlement to relief under M.C.R.

6.508(D)."  (R 10-20, Order, *People v. Rashad*, Mich. Ct. App. No. 282453 (March 27, 2008)).

In April 2008, Petitioner filed a pro per application for leave to appeal with the Michigan Supreme Court.  (R 10-21, Application for Leave to Appeal dated 4/18/08).  On October 27, 2008, the Michigan Supreme Court issued an order denying Petitioner's application for leave to appeal because Petitioner had "failed to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." (R 10-21, Order, *People v. Rashad*, Mich. Sup. Ct. No. 136269 (October 27, 2008)).

In December 2008, Petitioner filed a pro per habeas petition in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 2254.  He raised the following six claims in his petition, which are the same issues presently before this Honorable Court:

I.      The trial court erred when it instructed the jury on aiding and abetting over objection of Petitioner.

II.     M.C.L. 769.32(2); M.S.A. 28.1055(2), constitutes an absolute bar to a jury instruction on possession of cocaine in excess of 650 grams where Petitioner is charged with possession with intent to distribute cocaine in excess of 650 grams.

III.    The search of Petitioner's brief case and seizure of a key from within constituted an unreasonable search and seizure.

IV.     Petitioner is entitled to re-sentencing because he should have been re-sentenced under the new amendments to the Michigan drug sentencing laws.

V.   Petitioner's sentence for possession of 650 grams is a violation of due process and equal protection of the law, where the penalty is significantly more serious than that for the offense of delivery of over 650 grams of cocaine.

VI.  Petitioner was denied the effective assistance of appellate counsel where his attorney did not raise the above issues during his appeal by right.

(R 1, Petition, pp. 11-12).

United States District Court Judge Victoria A. Roberts issued a

Memorandum Opinion and Order Denying Petition for Writ of Habeas Corpus on

October 6, 2009.  (R-13, Opinion).  The district court also denied a certificate of

appealability, but granted leave to appeal in forma pauperis.  (R 13, Opinion, pp.

19-21).  Petitioner requested that this Court grant a certificate of appealability; that

request was granted on August 3, 2010.

For the reasons set forth in the Argument section below, Respondent asks

that this Court affirm the district court's denial of Petitioner's request for habeas

relief.

## SUMMARY OF ARGUMENT

Petitioner claims that he is entitled to habeas relief based on his claims of instructional error, a Fourth Amendment violation, sentencing errors, and ineffective assistance of appellate counsel.

As an initial matter, Petitioner is not entitled to relief on Claims I-III because he failed to file his request for relief on these issues within the applicable one-year statute of limitation. Current Sixth Circuit law dictates that these claims are barred from review. Further, Petitioner has failed to establish that he is entitled to equitable tolling of the statute. However, even if this Court were to determine that Claims I-III were in fact timely, Petitioner is still not entitled to relief.

In his first two claims, Petitioner argues that he is entitled to relief as a result of errors in the jury instructions. These two claims of instructional error are not cognizable upon federal habeas review, as they challenge the Michigan State courts' interpretation of Michigan law. Moreover, because the Michigan Court of Appeals decision that the relevant instructions were proper under the circumstances was reasonable, Petitioner did not receive an unfair trial.

In his third claim, Petitioner argues that he was subjected to an unreasonable search and seizure. Petitioner's claim that his rights under the Fourth Amendment of the United States Constitution were violated is not reviewable in a habeas proceeding. The Supreme Court has held that where a state has provided an

opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial. Because Petitioner was clearly given a full and fair opportunity to present his Fourth Amendment claims to all levels of the state courts, the law set forth in *Stone v. Powell* bars review of his claims in this habeas proceeding.

In his fourth and fifth claims, Petitioner contends that sentencing errors entitle him to relief. Petitioner's fourth claim is procedurally defaulted because his counsel failed to object to the alleged sentencing error. Habeas relief is barred on that basis alone. However, the claim is also not cognizable because Petitioner, again, challenges the Michigan State courts' interpretation of Michigan law. Moreover, Petitioner was re-sentenced in 2004 to life with the possibility of parole, which was within the statutory limits for the crime of possession of 650 or more grams at the time of the offense. Thus, the claim is clearly meritless. Finally, Petitioner appears to argue for the first time in his pleading to this Court that his due process rights were violated with respect to Claim IV. Because this alleged due process violation was not an issue that was raised in any court prior to the Sixth Circuit, it is not a basis for relief.

Petitioner's fifth claim is meritless. While Petitioner argues that his rights have been violated because other defendants, who were convicted after the amendments to Michigan's controlled substances law, received shorter sentences for possessing the same, or greater, quantities of drugs, he is not entitled to relief because there is no constitutional requirement that people convicted of the same offenses receive identical sentences.

In his sixth claim, Petitioner argues that he is entitled to relief because he was denied the effective assistance of appellate counsel. Specifically, Petitioner claims that his appellate counsel was ineffective for failing to raise an equal protection claim regarding Petitioner's sentence (Claim V). Petitioner cannot demonstrate that he is entitled to relief on this claim because his appellate counsel raised the issue, albeit she did so in a different manner. Counsel raised a retroactivity issue in lieu of an equal protection issue. The district court properly determined that counsel did not perform deficiently and also that Petitioner was not prejudiced by any alleged error because the claim he argues should have been raised was determined to be meritless.

For the preceding reasons, this Court should affirm the district court's denial of habeas relief.

# ARGUMENT

**I.      Claims for habeas relief must be filed within the proper statute of limitation in order to warrant review by the federal courts.  Where Petitioner failed to file three of his six claims for relief within the proper statute of limitation, he is barred from habeas relief on those three claims.**

Petitioner has presented six claims for this Court to review.  Respondent asserts that it is not necessary for this Court to review the first three claims because Petitioner has failed to comply with the applicable statute of limitation.

Respondent raised this defense to Claims I-III in the district court; however, the issue was never adjudicated.  In response to Respondent's argument, the district court stated that it could dispose of the claims raised by Petitioner without ruling on whether or not Claims I-III were barred by the applicable statute of limitation.

> Respondent contends that Petitioner's first three claims, which challenge his underlying conviction, are barred by the statute of limitations contained within 28 U.S.C. § 2244(d), because Petitioner's habeas application was not filed within one year of his conviction becoming final.  In response, Petitioner contends that his judgment of conviction did not become final, for purposes of commencing the one year statute of limitations, until he was resentenced in 2004 and the appeal from his resentencing was completed.
>
> Respondent's position has some merit.  Although the Sixth Circuit has held that "the one-year statute of limitations begins to run on a habeas petition that challenges a resentencing judgment on the date that the resentencing judgment became final, rather than the date that the original conviction became final," *See Linscott v. Rose,* 436 F.3d 587, 591 (6th Cir. 2006), the holding in *Linscott* "expressly restricts itself to petitions that challenge the resentencing decision itself-that is, to

petitions that bring legal challenges to the same event that causes the restarting of the statute of limitations clock." *See Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007). Thus, although Sixth Circuit caselaw allows habeas petitioners to challenge their resentencing within a year of that decision becoming final, none of these cases undermines the Sixth Circuit's rule that habeas challenges to the underlying conviction and sentence must be made within one year of the conclusion of direct review of the original sentencing decision. *Bachman,* 487 F.3d at 985; *See also DiCenzi v. Rose,* 452 F.3d 465, 469 (6th Cir. 2006).

This Court has some concern, however, whether the holding in *Bachman* has been undermined by the U.S. Supreme Court's decision in *Burton v. Stewart,* 549 U.S. 147, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007), where the Supreme Court concluded that for purposes of the habeas statute of limitations, "[f]inal judgment in a criminal case means the sentence. The sentence is the judgment." *Id.* at 156-57 (*quoting Berman v. United States,* 302 U.S. 211, 212, 58 S. Ct. 164, 82 L. Ed. 204 (1937)). At least one district court has concluded that in light of the Supreme Court's holding in *Burton,* the finality for limitations purposes is calculated from a resentencing judgment. *See Hess v. Ryan,* --- F. Supp. 2d ----, No.2009 WL 2706961, * 11-13 (D.Ariz. August 25, 2009).

Although the issue of whether a claim is procedurally barred should ordinarily be resolved first, "judicial economy sometimes dictates reaching the merits [of a claim or claims] if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." *Barrett v. Acevedo,* 169 F.3d 1155, 1162 (8th Cir. 1999) (internal citations omitted). Because the statute of limitations does not constitute a jurisdictional bar to habeas review, a federal court, can, in the interest of judicial economy, proceed to the merits of a habeas petition. *See Smith v. State of Ohio Dept. of Rehabilitation,* 463 F.3d 426, 429, n. 2 (6th Cir. 2006) (quoting *Trussell v. Bowersox,* 447 F.3d 588, 590 (8th Cir. 2006)). Simply put, this Court need not resolve the dispute over the timeliness of petitioner habeas application. Assuming without deciding that the current petition was timely, Petitioner's habeas application fails on the merits. *See Ahart v. Bradshaw,* 122 Fed. Appx. 188, 192 (6th Cir. 2005).

(R 13, Opinion, pp. 5-7).

While the district court did not make a determination on the issue of
timeliness, Respondent maintains that Claims I-III are barred from review.

The federal habeas corpus statute, 28 U.S.C. § 2244(d) (as amended by the
AEDPA, which was signed into law on April 24, 1996), states:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of
habeas corpus by a person in custody pursuant to the judgment of a State
court.  The limitation period shall run from the latest of –

   (A)   the date on which the judgment became final by the conclusion
         of direct review or the expiration of the time for seeking such
         review;

   (B)   the date on which the impediment to filing an application
         created by State action in violation of the Constitution or laws
         of the United States is removed if the applicant was prevented
         from filing by such State action;

   (C)   the date on which the constitutional right asserted was
         originally recognized by the Supreme Court if the right has
         been newly recognized by the Supreme Court and made
         retroactively applicable to cases on collateral review; or

   (D)   the date on which the factual predicate of the claim or claims
         presented could have been discovered through the exercise of
         due diligence.

(2) The time during which a properly filed application for State post-
conviction or other collateral review with respect to the pertinent judgment
or claim is pending shall not be counted toward any period of limitation
under this subsection.

In this case, Petitioner's conviction for possession of 650 grams or more of
cocaine became final prior to AEDPA's April 24, 1996 effective date.  For those

whose state appeals concluded prior to the passage of AEDPA, the Sixth Circuit Court of Appeals has held that a one-year grace period applies, and that the statute of limitations expires one year from the passage of AEDPA, on April 24, 1997. See *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001); *Austin v. Mitchell*, 300 F.3d 391, 393 (6th Cir. 1999); *Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir. 1999), vacated on other grounds by 530 U.S. 1257 (2000). In this case, the Michigan Supreme Court denied Petitioner's direct appeal on May 14, 1993. Petitioner then had ninety days in which to file a petition for a writ of certiorari with the United States Supreme Court, which Petitioner did not do. Therefore, Petitioner's conviction became final on or about August 14, 1993, which was well before the passage of AEDPA.

Accordingly, Petitioner had until April 24, 1997 to file a habeas petition that raised claims concerning his underlying conviction (or to instead properly file an application for State post-conviction relief or other collateral relief under 28 U.S.C. § 2244(d)(2), which would toll the one-year statute of limitation period). Petitioner filed no such motion for collateral relief prior to April 24, 1997. Therefore, Petitioner's first three habeas claims (which all concern Petitioner's April 1989 conviction for possession of 650 grams or more of cocaine – and not his sentence) are time-barred because Petitioner has failed to comply with the statute of limitation.

Here, the fact that Petitioner was not re-sentenced on his April 1989 conviction for possession of 650 grams or more of cocaine until May 2004 is of no consequence for purposes of determining the timeliness of Petitioner's first three habeas claims. In *Linscott v. Rose*, the Sixth Circuit Court of Appeals held that "the one-year statute of limitations begins to run on a habeas petition that challenges a re-sentencing judgment on the date that the re-sentencing judgment became final, rather than the date that the original conviction became final." *Linscott*, 436 F.3d 587, 591 (6th Cir. 2006). But the *Linscott* Court went on to say, "The plain language of AEDPA dictates this result where the 'judgment' being challenged is the re-sentencing judgment" only. *Id.* at 591 (internal citations omitted); see also, *Bachman v. Bagley*, 487 F.3d 979, 982 (2007) ("This holding expressly restricts itself to petitions that challenge the re-sentencing decision itself – that is, to petitions that bring legal challenges to the same event that causes the restarting of the statute of limitations clock.")

Here, Petitioner's first three habeas claims challenge the underlying April 1989 conviction for possession of cocaine, while his latter three claims attack Petitioner's new sentence of life imprisonment with the possibility of parole that was issued on May 14, 2004.

In *Bachman*, the Sixth Circuit, relying on the *Linscott* decision as well as *DiCenzi v. Rose*, 452 F.3d 465 (6th Cir. 2006), expressly affirmed that "Sixth

Circuit precedent dictates . . . that courts determine the beginning of the one-year statute of limitations period based on the content of the prisoner's claim." *Bachman*, 487 F.3d at 984. "[U[sing the same beginning date for the statute of limitations for an entire habeas petition, regardless of the nature of the individual claims, 'has the strange effect of permitting a late-accruing federal habeas claim to open the door for the assertion of other claims that had become time-barred years earlier,' a result that Congress never intended when it designed the federal habeas statutes." *Bachman*, 487 F.3d at 984 (quoting *Fielder v. Varner*, 379 F.3d 113, 120 (3rd Cir. 2004)).

The U.S. Supreme Court has not come to a contrary conclusion. In *Burton v. Stewart*, the Supreme Court dismissed a habeas petitioner's successive petition on jurisdictional grounds because the petitioner had failed to seek proper authorization from the relevant U.S. Court of Appeals to file it. See generally *Burton v. Stewart*, 549 U.S. 147 (2007). In *Burton*, the petitioner's first habeas petition was filed in 1998 – nine months after the petitioner had been re-sentenced per the order of the state Court of Appeals. This 1998 petition did not bring forth any claims challenging the petitioner's re-sentencing. The petitioner ultimately did not obtain relief on any of the claims he raised in the 1998 petition.

The petitioner then filed a second petition in 2002 – this time challenging the constitutionality of his new sentence issued in 1998. The *Burton* Court held that

because the petitioner "was still being held in custody pursuant to the same 1998 judgment . . . [the petitioner] twice brought claims contesting the same custody imposed by the same judgment of a state court.  As a result, under AEDPA, he was required to receive authorization from the Court of Appeals before filing his second challenge.  Because he did not do so, the district court was without jurisdiction to entertain it."  *Id.* at 153.

Here, in contrast, Petitioner was held in custody pursuant to the original May 22, 1989 judgment of sentence up until he was re-sentenced on May 14, 2004.  Therefore, under *Burton*, Petitioner could have sought habeas relief concerning his underlying April 1989 conviction prior to the expiration of the habeas statute of limitations on April 24, 1997.  Petitioner would not have been barred thereafter from pursuing habeas relief on his May 14, 2004 judgment of sentence with respect to claims challenging only that sentence, as such a petition would not qualify as a successive petition for which Petitioner would have ordinarily have had to obtained special permission.

Accordingly, based on current Sixth Circuit precedent including *Linscott* and *Bachman*, Petitioner has failed to comply with the habeas statute of limitations with respect to his first three claims.  These claims should therefore be dismissed, unless equitable tolling applies.

A court determines whether to equitably toll AEDPA's statute of limitations using the five-factor test set forth in *Andrews v. Orr*. 851 F.2d 146, 151 (6th Cir. 1988); See *Dunlap v. United States of America*, 250 F.3d 1001, 1010 (6th Cir. 2001). A court considers: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap,* 250 F.3d at 1008. The petitioner bears the burden of demonstrating that he is entitled to equitable tolling, and equitable tolling should only be granted "sparingly." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Absent compelling equitable considerations, a court should not extend the limitations period by even a single day. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000).

Petitioner is not entitled to equitable tolling in this case. He has failed to establish that he lacked notice, constructive or otherwise, of the filing requirement, or that his lack of notice or ignorance was reasonable, and he has failed to show that he diligently pursued his rights with respect to this case. This is especially true in light of the fact that Petitioner waited approximately twelve years, between 1992 and 2004, before he actually sought re-sentencing. Regarding prejudice to

Respondent, the Sixth Circuit Court of Appeals has held that the "absence of prejudice is a factor to be considered only after a factor that might justify tolling is identified." *Allen v. Yukins*, 366 F.3d 396, 404 (6th Cir. 2004) (citing *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003)).  Because Petitioner has failed to demonstrate the existence of a factor that would justify tolling in this case, any alleged lack of prejudice to Respondent may not be considered.

For the preceding reasons, Petitioner is not entitled to equitable tolling of AEDPA's statute of limitations with respect to his first three claims under any of the factors set out in *Andrews*.

In *Souter v. Jones*, the Sixth Circuit recognized that actual innocence is a valid ground upon which a petitioner might avoid the bar of the statute of limitations in § 2444(d)(l).  *Souter v. Jones*, 395 F.3d 577, 599-600 (6th Cir. 2005).  However, to avail himself of that rule, a petitioner must establish actual innocence under the stringent rule of *Schlup v. Delo* by coming forward "with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial," and which shows that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995).  Here, Petitioner makes no such showing.  Therefore, Petitioner cannot

avoid the bar of the statute of limitations in § 2444(d)(l) because he is not actually innocent of the crime for which he has been convicted.

In sum, Respondent respectfully asks this Court to dismiss Petitioner's first three claims because he has failed to comply with the applicable statute of limitation. In the alternative, Respondent asserts that Petitioner's first three claims would fail even if this Court were to review them for the reasons set forth in Argument II, below.

**II.** **Claims raised in a habeas petition must be properly preserved in the State court; if they are not, the claims are procedurally defaulted unless the default is excused through a proper showing of cause and prejudice. Further, in conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Where Petitioner did not properly preserve his claims in the State court, where he argues that error occurred under State law, and where he cannot establish that any error rose to the level of a constitutional violation, habeas relief is not warranted.**

Petitioner has presented six claims for relief. Because those claims are either procedurally defaulted, not cognizable on federal review, or they are without merit, Petitioner is not entitled to relief.

**A.** **Petitioner is not entitled to relief with respect to his claims of instructional error because the claims are not cognizable on federal review, or they are without merit.**

In his first two claims, Petitioner argues that he is entitled to relief as a result of errors in the jury instructions. Specifically, in his first claim, Petitioner argues that the trial court erred when it gave the jury an instruction on aiding and abetting over his objection. In his second claim, he argues that the trial court erred when it instructed the jury on the offense of possession of 650 or more grams of cocaine because he was originally charged with possession with intent to deliver over 650 grams of cocaine. Because these claims of instructional error are not cognizable upon federal habeas review, Petitioner is not entitled to habeas relief. Moreover, because the instructions were proper, Petitioner did not receive an unfair trial.

The Michigan Court of Appeals denied relief on both of these issues in Petitioner's direct appeal. The court found no merit to Petitioner's claims because the instructions were proper. (R 10-16, Opinion, *People v. Rashad*, Mich. Ct. App. No. 118136; No. 118877; No. 124060, pp. 2-3).

It is well established that a violation of state law or a state court's application of state law may not be reviewed by a federal habeas corpus court since any such errors are not of a constitutional magnitude. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Watters v. Hubbard*, 725 F.2d 381, 383 (6th Cir. 1984). Thus, "[a]s a general rule, errors in instructions of a trial court to a jury in a state criminal trial are not reviewable in federal habeas corpus proceedings . . . unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law." *Long v. Smith*, 663 F.2d 18, 23 (6th Cir. 1981) (citations omitted).

Even when instructional error is considered, to warrant habeas relief the petitioner must show that the instructions, as a whole, were so infirm as to render the entire trial fundamentally unfair. See *Estelle*, 502 U.S. at 72. In *Henderson v. Kibbe*, the U.S. Supreme Court described this high burden, noting that even "universally condemned" instructions alone are insufficient to warrant habeas relief:

> The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal. The question in such

a collateral proceeding is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process," . . ., not merely whether "the instruction is undesirable, erroneous, or even 'universally condemned[.]'"

*Henderson v. Kibbe*, 431 U.S. 145, 154 (1977) (citations omitted).

The Michigan Court of Appeals fully outlined in its opinion that these claims were meritless under Michigan law.

> Next, [Petitioner] contends that the trial court committed reversible error when it instructed the jury on aiding and abetting where there was no evidence that any other person was involved in the commission of the crime. We disagree. [Petitioner] was present when the police executed their search warrant and found over 650 grams of cocaine in the basement storage area. Attached to [Petitioner]'s key ring was a key to the padlock on the door to the storage area. In his closing argument, defense counsel argued that someone other than the [Petitioner] placed the drugs in the basement storage area. If the jury believed [Petitioner]'s argument, they could find that he and another person acted in concert. *People v. Mann*, 395 Mich. 472, 478; 236 N.W.2d 509 (1975). Furthermore, "the evidence need not show that a specifically named individual was the guilty principal, but only that some individual was a guilty principle." *People v. Vaughn*, 186 Mich. App. 376, 382; 465 N.W.2d 365 (1990), lv den 439 Mich. 852 (1991). Therefore, there was sufficient evidence on the record to support a jury instruction of aiding and abetting.

> \* \* \*

> [Petitioner] next claims that the trial court committed reversible error when it issued a jury instruction on possession in excess of 650 grams, MCL 333.7403(2)(a)(i); MSA 14.15(7403), where [Petitioner] was only charged with possession with intent to deliver over 650 grams, MCL 333.7401(2)(a)(i); MSA 14.15(7401). This issue is without merit. "Possession of cocaine is a cognate offense rather than a necessarily included lesser offense of the offense of delivery of cocaine." *People v. Leighty*, 161 Mich. App. 565, 578; 411 N.W.2d

778 (1987) lv den 430 Mich. 895 (1988). "Instructions for cognate offenses are required only when supported by the evidence." *Leighty*, 161 Mich. App. at 578. A review of the evidence clearly establishes that [Petitioner] had either actual or constructive possession of the cocaine found in the basement storage area. *People v. Hellenthal*, 186 Mich. App. 484; 465 N.W.2d 329 (1990). [Petitioner] was found in the house when the police conducted their search. The police confiscated over 650 grams of cocaine from the basement storage area, as well as packaging materials and cutting agents. Furthermore, the police confiscated a key from [Petitioner]'s key ring which fit the padlock on the basement storage door, and one of [Petitioner]'s driver's licenses baring the address of the house searched by police. Clearly, the instruction on the cognate offense of possession in excess of 650 grams was supported by the evidence.

(R 10-16, Opinion, *People v. Rashad*, Mich. Ct. App. No. 118136; No. 118877; No. 124060, pp. 2-3)).

Here, because the trial court's determination that the aiding and abetting instruction was proper based on the Petitioner's theory of the case and also because the instruction on the cognate offense was proper under Michigan law, the trial court did not err.

The district court correctly determined that these claims of state law error were properly decided by the Michigan State courts and, as a result, Petitioner was not entitled to relief from the federal court. Specifically, the district court held the following:

In his first claim, Petitioner contends that the trial court erred in giving the jury an instruction on aiding and abetting. In his second claim, Petitioner claims that the trial court erred in instructing the jury on the offense of possession of 650 or more grams of cocaine, in light

of the fact that Petitioner was originally charged with possession with intent to deliver over 650 grams of cocaine.

The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack upon the constitutional validity of a state court conviction is even greater than the showing required in a direct appeal. The question in such a collateral proceeding is whether the ailing instruction so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even "universally condemned", and an omission or incomplete instruction is less likely to be prejudicial than a misstatement of the law. *Henderson v. Kibbee,* 431 U.S. 145, 154-55, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977). The challenged instruction may not be judged in artificial isolation but must be considered in the context of the instructions as a whole and the trial court record. *Grant v. Rivers,* 920 F. Supp. 769, 784 (E.D. Mich.1996). To warrant habeas relief, the jury instructions must not only have been erroneous, but also, taken as a whole, so infirm that they rendered the entire trial fundamentally unfair. *Scott v. Mitchell,* 209 F.3d 854, 882 (6th Cir. 2000).

The Michigan Court of Appeals rejected Petitioner's first instructional error claim, finding that there was sufficient evidence on the record to support an instruction on aiding and abetting, in light of the fact that Petitioner was present at the house when the police executed the search warrant and discovered 650 grams of cocaine in the basement storage area. Attached to Petitioner's key ring was a key to the padlock on the door to the storage area. Petitioner's counsel argued that someone other than Petitioner had placed the cocaine in the basement storage area. The Michigan Court of Appeals reasoned that if the jury believed Petitioner's argument, they could find that he and another person acted in concert. *Rashad,* Slip. Op. at * 2.

The trial court's instruction on aider and abettor liability did not deprive Petitioner of a fair trial, in light of the fact that Petitioner argued at trial that someone else had placed the cocaine in the basement storage area. *See Davie v. Mitchell,* 291 F. Supp. 2d 573, 608 (N.D. Ohio 2003) (state trial court's jury instruction as to aider and abettor or accomplice culpability did not deprive petitioner of fundamental fairness or amount to a clear violation of due process, as

required to support claim for federal habeas relief; instruction was proper response to petitioner's defense that other person had committed murders).

Moreover, the Michigan Court of Appeals determined that under Michigan law it was proper under the facts of this case to give the jury an instruction on aiding and abetting. Federal courts are bound by the state courts' interpretation of their own laws. *See Mullaney v. Wilbur,* 421 U.S. 684, 690-91 1975, 95 S. Ct. 1881, 44 L. Ed. 2d 508). The nature of a particular jury instruction that is given is a matter of state law, and a federal court is not at liberty to grant a writ of habeas corpus simply because the federal court finds the state court's decision was incorrect under state law. *See Newton v. Million,* 349 F.3d 873, 879 (6th Cir.2003). Where a state appeals court finds that the instruction given by the trial court accurately reflected state law, this Court must defer to that determination and cannot question it. *See Seymour v. Walker,* 224 F.3d 542, 558 (6th Cir. 2000). Because the Michigan Court of Appeals determined that it was proper for the trial court to give the jury an instruction on aiding and abetting, Petitioner is not entitled to habeas relief on this claim. *See e.g. Williams v. Withrow,* 328 F. Supp. 2d 735, 752-53 (E.D. Mich.2004).

In his second claim, Petitioner contends that the trial court erred in instructing the jury on the offense of possession of 650 or more grams of cocaine, in light of the fact that he was originally charged with possession with intent to deliver 650 or more grams of cocaine. Petitioner contends that M.C.L.A. 768.32(2) bars a trial court from instructing jurors on lesser included offenses where a defendant is charged with a major controlled substance offense, such as possession with intent to deliver 650 or more grams of cocaine.

The Michigan Court of Appeals rejected Petitioner's claim, on the ground that possession of 650 or more grams of cocaine is a cognate offense of possession with intent to deliver 650 or more grams of cocaine, rather than a lesser included offense. *Rashad,* Slip. Op. at * 3. The Michigan Court of Appeals further concluded that the evidence supported an instruction on the offense of possession of 650 or more grams of cocaine. *Id.*

By definition, cognate offenses such as possession of 650 or more grams of cocaine do not meet the definition of lesser-included offenses because they are "related and hence 'cognate' in the sense that they share several elements, and are of the same class or category, but may contain some elements not found in the higher offense." *Williams,* 328 F. Supp. 2d at 749 (*quoting United States v. Colon,* 268 F.3d 367, 373 (6th Cir.2001)).  The Michigan Court of Appeals determined that it was proper to instruct the jury on the cognate offense of possession of 650 or more grams of cocaine.  Because the Michigan Court of Appeals determined that the instruction given by the trial court accurately reflected state law, this Court must defer to that determination and cannot question it.  *Seymour,* 224 F.3d at 558.  Petitioner is not entitled to habeas relief on his first and second claims.

(R 13, Opinion, pp. 7-10).

The district court's determinations were correct in light of the evidence presented at trial, Petitioner's theory of defense, as well as Michigan law regarding cognate offenses as determined by the Michigan Court of Appeals.  See *People v. Arias*, 2006 WL 119143, 13 (Mich. App. 2006); *People v. Bonilla*, 2006 WL 120366, 3 (Mich. App. 2006).  In *Arias* and *Bonilla*, the defendants were originally charged with possession with intent to deliver 650 or more grams of cocaine in violation of M.C.L. 333.7401(2)(a)(i), but they were convicted of possession of more than 650 grams of cocaine pursuant to M.C.L. 333.7403(2)(a)(i)).  *Id*.  Both state appellate courts held that the trial court did not err by instructing the jury on mere possession of more than 650 grams.  *Id*.  The same outcome occurred in the instant matter.  Accordingly, under Michigan's interpretation of Michigan law, the instructions were proper.

Even if this Court were to determine that the instructions were incorrect, any error was harmless due to the overwhelming evidence presented as to Petitioner's role in the crime. (R 10-16, Opinion, *People v. Rashad*, Mich. Ct. App. No. 118136; No. 118877; No. 124060, p. 3 ("the police confiscated a key from defendant's key ring which fit the padlock on the basement storage door, and one of defendant's driver's licenses baring the address of the house searched by police.")

Accordingly, because Petitioner's claims of instructional error are either not cognizable upon federal habeas review, or because the claims are without merit as correctly determined by the Michigan Court of Appeals, Petitioner has not demonstrated that he suffered a constitutional violation that would result in habeas relief on these claims (Claims I and II).

**B.      Petitioner is not entitled to relief with respect to his claim that his Fourth Amendment rights were violated because that claim is barred by the law set forth in *Stone v. Powell*.**

In his third claim, Petitioner contends that when the police searched his brief case and seized a key from inside the case, it was unreasonable and a violation of his rights guaranteed by the Fourth Amendment.  To the extent that Petitioner alleges a violation of the Fourth Amendment of the United States Constitution, this claim is not reviewable in a habeas proceeding.

Fourth Amendment claims are barred from habeas review by *Stone v. Powell*, 428 U.S. 465, 482 (1970), wherein the Supreme Court held that where a state has provided an opportunity for "full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial."  See also *Machacek v. Hofbauer*, 213 F.3d 947 (6th Cir. 2000) (cannot raise a claim relating to arrest if state provides opportunity to adjudicate such a claim).

Michigan provides ample opportunity for litigation of Fourth Amendment claims.  Most claims of this nature are addressed before trial in a motion to suppress.  *People v. Ferguson*, 376 Mich. 90, 93-94; 135 N.W.2d 357 (1965) (motion to suppress must be timely made where the factual circumstances constituting the illegal seizure are known to the defendant in advance of trial).

Application of the *Stone* doctrine is not dependent on actual litigation of a Fourth Amendment claim.  Instead, the state prisoner must demonstrate that he was denied an opportunity for full and fair litigation of that claim.  *Stone* at 494-495. The two-pronged test is whether the state has a procedural mechanism that, in the abstract, presents an adequate opportunity to raise a Fourth Amendment claim and whether presentation of that claim is frustrated because of the failure of the procedural mechanism.  *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982).

In this case, Petitioner has failed to establish under the above test that he is entitled to habeas review. The State of Michigan has a procedural mechanism that provides an opportunity to raise Fourth Amendment claims, and Petitioner has failed to establish that a failure of that procedural mechanism prevented him from presenting his claims. In fact, as the district court noted in its Opinion denying habeas relief, Petitioner's trial counsel filed several motions to suppress the evidence, which were scheduled to be heard on the day set for trial. (R 13, Opinion, p. 10). The following events took place regarding Petitioner's motions to suppress the evidence:

> Petitioner's counsel alleged that certain information contained in the affidavit supporting the search warrant was false. Defense counsel claimed that he had an affidavit from Sheila Buffkin, which stated that she was a single woman, that she did not run a "dope operation" or "distribution point" at the house in question, and that she did not live there. Buffkin's statements were contrary to allegations found in the search warrant affidavit.

> In response to defense counsel's allegation that the police fabricated the undisclosed informant, the court ordered the prosecution to produce the informant (*Id.,* at pp. 16-18). The prosecutor responded that the defense had no standing to raise the issue (*Id.* at pp. 20-22). A statement made by Ms. Buffkin to the police was read into the record. Buffkin had informed the police that she lived at and owned the house located at 20219 Greydale in Detroit, that Petitioner was the father of her child, that the cocaine in the basement belonged to Petitioner, that he had the keys to the area where the drugs were kept, that he told her not to let anyone in the area where the drugs were stored, and, that they were not dating "... because of the dope transaction and too many friends in my house." (*Id.* at pp. 24-26). The prosecutor argued that the statement showed that Petitioner did not live in the house and had no expectation of privacy or standing to contest the search warrant.

The trial court rejected the prosecutor's argument and ruled that Petitioner had an expectation of privacy and, thus, had standing to raise the issue involving the search and seizure. (*Id.* at p. 28).

However, when Petitioner's counsel failed to appear at the appointed time for the evidentiary hearing, the court determined that the issues had been waived (*Id.* at pp. 38-43).

After the jury was selected, the trial court judge indicated for the record that she had contacted the informant in question. The judge indicated that after having conducted an interrogation, she was convinced that that person was the informant in this case. The judge indicated that she believed "everything the SOI said to me." (*Id.* at pp. 119-120).

The Michigan Court of Appeals denied Petitioner's various challenges to the validity of the search and seizure on appeal. *Rashad,* Slip. Op. at * 2, 4.

A federal habeas review of a petitioner's arrest or search by state police is barred where the state has provided a full and fair opportunity to litigate an illegal arrest or a search and seizure claim. *Stone v. Powell,* 428 U.S. 465, 494-495, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976); *Machacek v. Hofbauer,* 213 F.3d 947, 952 (6th Cir. 2000). For such an opportunity to have existed, the state must have provided, in the abstract, a mechanism by which the petitioner could raise the claim, and presentation of the claim must not have been frustrated by a failure of that mechanism. *Riley v. Gray,* 674 F.2d 522, 526 (6th Cir. 1982). The relevant inquiry is whether a habeas petitioner had an opportunity to litigate his claims, not whether he in fact did so or even whether the Fourth Amendment claim was correctly decided. *See Wynne v. Renico,* 279 F. Supp. 2d 866, 892 (E.D. Mich. 2003).

Therefore, on federal habeas review, a federal court cannot re-examine a petitioner's Fourth Amendment claim that evidence should have been suppressed as "poisonous fruit" of his or her illegal arrest or search, where the state provided an opportunity for full and fair litigation of the habeas petitioner's Fourth Amendment claim prior to trial. *See Walendzinski v. Renico,* 354 F. Supp. 2d 752, 759 (E.D.

Mich. 2005); *See also Monroe v. Smith,* 197 F. Supp. 2d 753, 766 (E.D. Mich. 2001).

The mere fact that the trial court ruled on the motion to suppress evidence without conducting an evidentiary hearing does not constitute a denial of a full and fair opportunity to litigate. *See Sanders v. Oliver,* 611 F.2d 804, 808 (10th Cir. 1979) (state trial court's refusal to hear testimony on factual allegations at suppression hearing did not deny the petitioner an opportunity to fully and fairly litigate his illegal arrest claim where a prior hearing before a state magistrate court had been full and unrestricted and included a complete examination of the police officer by the petitioner); *see also Gonzalez v. Superintendent, Sullivan Corr. Facility,* 761 F. Supp. 973, 976-77 (E.D. N.Y. 1991) (state procedures afforded petitioner full and fair opportunity to litigate illegal arrest claim despite the fact that both the trial and appellate courts denied his motion for a probable cause hearing on the ground that insufficient facts were asserted to warrant an evidentiary hearing); *Mack v. Cupp,* 564 F.2d 898, 901 (9th Cir. 1977) (habeas review not warranted where state trial court's decision not to hold an evidentiary hearing on a Fourth Amendment claim was based on finding that the petitioner's factual allegations did not conflict with the police affidavits).

Moreover, the opportunity to litigate encompasses more than an evidentiary hearing in the trial court. It also includes corrective action available through the appellate process on direct review of the conviction. *See Pulver v. Cunningham,* 419 F. Supp. 1221, 1224 (S.D. N.Y. 1976); *See also Atkinson v. Portuondo,* 269 F. Supp. 2d 57, 63 (E.D. N.Y. 2003) (habeas petitioner was not deprived of full and fair opportunity to litigate Fourth Amendment claim that was raised in postconviction proceedings and denied by the trial court on the ground that the pleadings were defective, where the appellate court granted leave to raise claim on direct appeal). Because all of the material facts were before the state appellate courts on direct review, the Michigan Court of Appeals addressed the relevant factual and procedural issues, and the appellate process was not otherwise deficient, Petitioner had a full and fair opportunity to litigate his Fourth Amendment claims. Accordingly, his claim concerning the validity of the search and seizure this case is non-cognizable on habeas review. *Pulver*, 419 F. Supp. at 1224.

(R 13, Opinion, pp. 10-14).

As the district court noted, Petitioner challenged the validity of the search and seizure both at the trial court level and on appeal. Both the trial court and the Michigan Court of Appeals denied his claim. (R 10-16, Opinion, *People v. Rashad*, Mich. Ct. App. No. 118136; No. 118877; No. 124060, p. 2). Subsequently, the Michigan Supreme Court denied Petitioner's application for leave to appeal the Court of Appeals decision, which included an appeal of this issue. (R 10-17, Order, *People v. Rashad*, Mich. Sup. Ct. No. 94301; No. 94302; No. 94303).

Thus, while Petitioner may be disappointed with his inability to persuade the Michigan courts that additional review was necessary, he did have a full and fair opportunity to litigate the issue as required by *Stone*. See *Stone,* 428 U.S. at 482. Because Petitioner was undoubtedly given a full and fair opportunity to present his Fourth Amendment claims to all levels of the state courts, *Stone v. Powell* bars review of his claims in this habeas proceeding. The record here reveals that Petitioner had the opportunity to present his Fourth Amendment claim to the Michigan courts; the claim was considered and rejected. Petitioner, therefore, received all the process he was due. Accordingly, Petitioner is not entitled to relief on Claim III.

### C. Petitioner is not entitled to relief with respect to his claims of sentencing error and equal protection violations because the claims are procedurally defaulted, not cognizable on federal review, or they are without merit.

In his fourth and fifth claims, Petitioner contends that sentencing errors entitle him to relief. Specifically, in his fourth claim, Petitioner argues that he should have been re-sentenced under new amendments to Michigan's drug sentencing laws that were passed after his conviction. Petitioner is not entitled to relief on his fourth claim because he failed to properly preserve it at trial, it is not cognizable upon federal habeas review, and it is without merit.

In his fifth claim, Petitioner argues that his right to due process and equal protection was violated because the sentence he received for possession of 650 grams of cocaine is significantly more serious than that for the offense of delivery of over 650 grams of cocaine. Petitioner is also not entitled to relief on his fifth claim because it is without merit.

### 1. Petitioner is not entitled to relief on Claim IV because the claim is either procedurally defaulted, not cognizable on federal review, or it is without merit.

Petitioner is not entitled to relief with respect to his claim that the trial court erred when it failed to sentence him based on the new amendments to Michigan's drug sentencing law because the claim is procedurally defaulted (Claim IV). Despite the district court's decision to dispose of this issue on the merits, the claim is still procedurally defaulted and habeas relief is barred on that basis alone.

However, even if this Court were to determine that Claim IV is not procedurally defaulted, it still must fail because it is not cognizable on habeas review and it is without merit.

First, to the extent a petitioner deprives the state court of the opportunity to review his claims by failing to follow reasonable State court procedures, review of the claims is procedurally defaulted. "[P]rocedural default results where three elements are satisfied: (1) the petitioner failed to comply with a state procedural rule that is applicable to the petitioner's claim; (2) the state courts actually enforced the procedural rule in the petitioner's case; and (3) the procedural forfeiture is an 'adequate and independent' state ground foreclosing review of a federal constitutional claim." *Willis v. Smith*, 351 F.3d 741, 744 (6th Cir. 2003) (quoting *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)). In this case, Petitioner's fourth claim is procedurally defaulted because he failed to contemporaneously object to the alleged error.

All three elements of procedural default are satisfied here. Petitioner failed to comply with a state procedural rule that requires defendants in criminal cases to present their claims to the trial court before raising them on appeal. See *People v. Carines*, 460 Mich. 750, 761-64, 597 N.W.2d 130 (1999) (unpreserved constitutional error); *People v. Grant*, 445 Mich. 535, 546, 520 N.W.2d 123 (1994) (unpreserved non-constitutional error). The last state court to issue a reasoned

opinion on this claim was the Michigan Court of Appeals, which denied relief because Petitioner failed to preserve it in the trial court. (R 10-18, Opinion, *People v. Rashad*, Mich. Ct. App. No. 255819). When the Court of Appeals addressed the issue, it found that its review was limited to whether "plain error" occurred. (R 10-18, Opinion, *People v. Rashad*, Mich. Ct. App. No. 255819). The ground for this decision constitutes a procedural default. *Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 423-424 (6th Cir. 2003); but see *Mitts v. Bagley*, 620 F.3d 650, 656 (6th Cir. 2010). And the contemporaneous-objection rule is an adequate and independent state ground for the state court's decision because the rule was "firmly established and regularly followed" before Petitioner's trial. *Rogers v. Howes*, 144 F.3d 990, 992 (6th Cir.1998) (quoting *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991)).

Because the elements of procedural default have been satisfied, Petitioner must show "cause" for failing to follow state procedure and "actual prejudice" as a result of the alleged violation of federal law. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Alternatively, Petitioner must demonstrate that a fundamental miscarriage of justice will occur as a result of the Court's failure to consider the substantive merits of his claim. *Id*. at 750.

Petitioner failed to specifically address cause in both his petition to the district court, as well as his brief to this Court. While ineffective assistance of

counsel for failing to preserve a claim in the trial court may constitute cause to excuse a procedural default, that claim itself must be exhausted in the state courts. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Petitioner did not raise ineffective assistance of trial counsel in the state courts regarding this claim and, as previously stated, he did not specifically raise the issue in his petition to the federal district court or with this Court. Thus, any alleged ineffectiveness of counsel cannot constitute cause to excuse Petitioner's default.

Because Petitioner has not demonstrated any cause for his procedural default, it is unnecessary to reach the prejudice issue regarding this claim. *Smith v. Murray*, 477 U.S. 527, 533 (1986). Even if this Court were to find that Petitioner demonstrated good cause, the claim would still fail because it is not cognizable and it is also without merit.

To the extent Petitioner argues that the trial court misinterpreted Michigan statutory law, his claim is not cognizable. A federal habeas court may only grant habeas relief to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). As discussed above, habeas relief may not be based upon perceived error of state law. *Estelle*, 502 U.S. at 67-68; *Watters*, 725 F.2d at 383. Here, Petitioner's fourth habeas claim concerns the correct application of state sentencing laws. Since the

correct application of a state sentencing statute only implicates Michigan law, it is not reviewable by a federal habeas court.

As the district court properly determined, this claim is also meritless. Petitioner was re-sentenced in 2004 to life with the possibility of parole, which was within the statutory limits for the crime of possession of 650 or more grams at the time of the offense. (R 13, Opinion, p. 15, (citing *People v. Bullock*, 440 Mich. 15, 485 N.W.2d 866 (1992) (The *Bullock* court held that a mandatory sentence of life imprisonment without parole violated the Michigan Constitution's ban on "cruel or unusual punishments" and that to remedy the constitutional infirmity of the sentencing statute, the Michigan Supreme Court ordered that all persons convicted under the applicable statute be granted "the parole consideration otherwise available upon completion of ten calendar years of the sentence." *Bullock*, 440 Mich. at 37-42)). Moreover, because Michigan courts have held that the amended sentencing laws regarding the applicable statute are not retroactive, Petitioner cannot establish that he is entitled to relief. *People v. Doxey*, 263 Mich. App. 115, 122; 687 N.W.2d 360 (2004); see also *People v. Michielutti,* 266 Mich. App. 223, 225, 700 N.W.2d 418, rev'd in part on other grounds, 474 Mich. 889, 704 N.W.2d 705 (2005); *People v. Dailey,* 469 Mich. 1019, 678 N.W.2d 439 (2004) (Order).

Claim IV, as it was raised in the Michigan State courts and the federal district court, is clearly not cognizable as it is solely based upon state law. *Estelle*,

502 U.S. at 67-68; *Watters*, 725 F.2d at 383. Petitioner appears to argue for the first time in his pleading to this Court that his due process rights were violated with respect to Claim IV.

A habeas petitioner is required to fairly present all of his habeas claims to the State courts before presenting them in federal court in a habeas action. 28 U.S.C. § 2254(b)(1). The purpose of the exhaustion rule is to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal court, and to "protect the state courts' role in the enforcement of federal law." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). To exhaust, a petitioner "must have fairly presented the substance of his claim to the state courts." This means the claim *and* its supporting factual allegations. *Picard v. Connor,* 404 U.S. 270, 276 (1971); *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 9-10 (1982).

Petitioner did not raise a due process argument regarding Claim IV in any court before now. Thus, not only did Petitioner deny the State courts an opportunity to address his due process claim, but he also denied the federal district court the opportunity to address the claim. For that reason alone, this Court should deny the claim. However, even if Petitioner would have presented this due process argument to the federal district court, it would have been deemed procedurally defaulted.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). "If the claims presented in the federal court were never actually presented in the state courts, but a state procedural rule now prohibits the state court from considering them, the claims are considered exhausted, but are procedurally barred." *Cone v. Bell*, 243 F.3d 961, 967 (6th Cir. 2001) (citing *Coleman*, 501 U.S. at 752-53. Under Michigan law, a defendant may file only one motion for relief from judgment per conviction. See M.C.R. 6.502(G)(1). Because Petitioner has already filed a motion for relief from judgment, he no longer has an available state court remedy. See 28 U.S.C. § 2254(c). Consequently, his claim is considered exhausted, but it is procedurally defaulted.

A court may reach the merits of procedurally defaulted claims if the petitioner is able to establish cause and prejudice or a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. To demonstrate cause for a procedural default, a petitioner must:

> . . . show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule...[These factors include] a showing that the factual or legal basis for a claim was not reasonably available to counsel . . . or that 'some interference by officials' . . . made compliance impracticable.

*Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Petitioner cannot establish cause because he has not and cannot show the existence of an external factor that impeded him from raising this due process claim (as it relates to Claim IV) in his motion for relief from judgment and subsequent appeal. A petitioner's *pro se* status and ignorance of his rights do not constitute cause for failure to raise his constitutional claims in the state courts. *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995). Nor can Petitioner allege ineffective assistance of counsel to establish cause because he was not constitutionally entitled to counsel beyond his initial appeal with the Court of Appeals. *Coleman*, 501 U.S. at 757. The choice not to pursue this claim in his motion for relief from judgment is attributable to Petitioner alone. Accordingly, Petitioner has not and cannot establish cause.

To establish prejudice, a petitioner must show that the errors worked to his actual and substantial disadvantage, infecting the whole trial with error of constitutional magnitude. *United States v. Frady*, 456 U.S. 152, 170 (1982). Petitioner has simply failed to meet this burden.

Petitioner also cannot establish that failure to review his due process claim would result in a fundamental miscarriage of justice. This narrow exception must accompany a credible claim of factual innocence. *Schlup*, 513 U.S. at 324. To assert a credible claim of innocence, a petitioner must "support allegations of constitutional error with new reliable evidence – whether it be exculpatory

scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id*. at 324. As Petitioner has not protested his guilt through an offer of new evidence, he cannot establish a fundamental miscarriage of justice.

Thus, review of Petitioner's due process claim as it relates to Claim IV is barred by his procedural default and his inability to establish cause and prejudice to excuse the default or that a fundamental miscarriage of justice would result from failing to review the claim.

Accordingly, Petitioner is not entitled to relief on Claim IV because the claim is either procedurally defaulted, not cognizable on federal review, or it is without merit.

### 2. Petitioner is not entitled to relief on Claim V because the claim is without merit.

Petitioner is also not entitled to relief with respect to Claim V, wherein he claims that his right to due process and equal protection was violated because the sentence he received for possession of 650 grams of cocaine is significantly more serious than that for the offense of delivery of over 650 grams of cocaine. Specifically, he argues that his rights have been violated because other defendants, who were convicted after the amendments to Michigan's controlled substances law, received shorter sentences for possessing the same, or greater, quantities of drugs.

Petitioner is not entitled to relief on this claim because "[t]here is no constitutional requirement that persons convicted of the same offenses receive identical sentences."  (R 13, Opinion, p. 17 (citing *Williams v. Illinois*, 399 U.S. 235, 243 (1970).  As the district court correctly held, a state may make amendments to sentencing statutes that reduce the maximum sentence for a crime despite the fact that prisoners who had already been sentenced under the statute would ultimately end up serving a longer sentence than those who were sentenced after the amendment.  (R 13, Opinion, p. 17 (citing *Frazier v. Manson*, 703 F.2d 30, 36 (2nd Cir. 1983)).

For these reasons, the Michigan Controlled Substances Act does not violate Petitioner's right to due process or equal protection.  Accordingly, Petitioner is not entitled to relief on Claim V.

### D. Petitioner is not entitled to relief with respect to his claim of ineffective assistance of appellate counsel because the claim is without merit.

In his sixth claim, Petitioner contends that he was denied the effective assistance of appellate counsel due to his counsel failing to raise Claim V during his direct appeal.  Petitioner's claim must fail because he is unable to establish either prong of the *Strickland* analysis.

A claim of ineffective assistance of counsel is governed by *Strickland v. Washington.*  See generally *Strickland v. Washington,* 466 U.S. 668 (1984).  To

establish ineffective assistance, petitioner must demonstrate that counsel's performance was objectively unreasonable and that he was prejudiced by counsel's action or inaction. *Wilson v. Parker*, 515 F.3d 682, 698 (6th Cir. 2008) (citing *Strickland*, 466 U.S. at 687- 88). Further, "[j]udicial scrutiny of counsel's performance must be highly deferential . . . . Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689 (citation omitted).

The second *Strickland* prong, that of prejudice, requires petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

First, Petitioner is unable to demonstrate that his appellate counsel's performance was objectively unreasonable in failing to raise Claim V on direct review. While counsel did not raise an equal protection claim to Petitioner's 2004 re-sentence, counsel did argue on appeal that Petitioner was entitled to retroactive application of the new State sentencing laws. Counsel argued that if the statute was retroactive, sentences would be more individually tailored to the offense and the offender. (R 13, Opinion, p. 19). As the district court correctly opined,

Petitioner failed to demonstrate that his appellate counsel's performance was deficient based on her decision to raise a retroactivity issue in lieu of an equal protection issue.

Second, Petitioner is also unable to demonstrate that he was prejudiced by any error because, as the district court correctly held, Claim V was without merit. Accordingly, appellate counsel was not ineffective for failing to raise the issue on direct appeal because it would not have succeeded. (R 13, Opinion, p. 19).

## CONCLUSION AND RELIEF REQUESTED

Petitioner is not entitled to relief because his claims are either barred by the 1-year statute of limitation, or, in the alternative, they are procedurally defaulted, not cognizable on federal review, or they are without merit.

Respondent respectfully requests that this Court affirm the district court's denial of habeas relief.

Respectfully submitted,

Bill Schuette
Attorney General

John J. Bursch
Solicitor General
Co-Counsel of Record

/s/ Andrea M. Christensen
Assistant Attorney General
Co-Counsel of Record
Attorneys for Respondent-Appellee
Appellate Division
P.O. Box 30217
Lansing, Michigan 48913
517-373-4875
Christensena1@michigan.gov

Dated: July 12, 2011
20090002870B/Rashad, Dwight/Appellee Brief

# ADDENDUM – DESIGNATION OF RECORD ON APPEAL

Respondent-Appellee, per Sixth Circuit Rule 28(c), 30(b), hereby designates

the following portions of the record on appeal:

| Description of Entry | Date | Record Entry No. |
|---|---|---|
| Petition for Writ of Habeas Corpus | 12/01/2008 | R. 1 |
| Transcript of Proceedings held on 05/14/2004 | 06/19/2009 | R. 10-15 |
| Michigan Court of Appeals Case No. 118136 | 06/19/2009 | R. 10-16 |
| Michigan Supreme Court Case No. 94301 | 06/19/2009 | R. 10-17 |
| Michigan Court of Appeals Case No. 255819 | 06/19/2009 | R. 10-18 |
| Michigan Supreme Court Case No. 130323 | 06/19/2009 | R. 10-19 |
| Michigan Court of Appeals Case No. 282453 | 06/19/2009 | R. 10-20 |
| Michigan Supreme Court Case No. 136269 | 06/09/2009 | R. 10-21 |
| Opinion and Order | 10/06/2009 | R. 13 |

# CERTIFICATE OF COMPLIANCE

### Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains no more that 14,000 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).  There are a total of [# of words] words.

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Word 2003 in 14 point Times New Roman.

/s/ Andrea M. Christensen
Assistant Attorney General
Co-Counsel of Record
Attorneys for Respondent-Appellee
Appellate Division
P.O. Box 30217
Lansing, Michigan 48913
517-373-4875
Christensena1@michigan.gov

**PROOF OF SERVICE**

I certify that on July 12, 2011, the foregoing document was served on all

parties or their counsel of record through the CM/ECF system if they are registered

users or, if they are not, by placing a true and correct copy in the United States

mail, postage prepaid, to their address of record (designated below).

/s/ Andrea M. Christensen
Assistant Attorney General
Co-Counsel of Record
Attorneys for Respondent-Appellee
Appellate Division
P.O. Box 30217
Lansing, Michigan 48913
517-373-4875
Christensena1@michigan.gov